UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CLEVELAND HOLT<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED NETWORK FOR ORGAN SHARING; DUKE UNIVERSITY HEALTH SYSTEM, INC.; MEDICAL UNIVERSITY HOSPITAL AUTHORITY/MEDICAL CENTER OF THE MEDICAL UNIVERSITY OF SOUTH CAROLINA; BOARD OF TRUSTEES OF THE UNIVERSITY OF ALABAMA; and EMORY HEALTHCARE, INC.,<br><br>    Defendants. | Case No. 1:24-cv-01599-VMC |

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO MOTIONS TO STAY**

Plaintiff Cleveland Holt ("Mr. Holt") hereby opposes the motions to stay filed by Defendants Emory Healthcare, Inc. [ECF No. 37], United Network for Organ Sharing [ECF No. 43], Board of Trustees of the University of Alabama [ECF No. 45], and Duke University Health System, Inc. [ECF No. 46].

As a threshold matter, to the extent Defendants use the motions to stay to advance substantive arguments concerning the merits of Plaintiff's claims, those arguments are beyond the scope of this memorandum and will be addressed in full

1

should the Defendants choose to re-file motions to dismiss after Mr. Holt files his amended complaint. Nonetheless, whether Defendants make "facial challenges" or not, Judge Frimpong in the Central District of California already considered and rejected much of what Defendants argue here, allowing discrimination claims to proceed against UNOS and Cedars-Sinai Medical Center related to their use of the race-based coefficient. *See Randall v. United Network for Organ Sharing*, --- F. Supp. 3d ---, 2024 WL 2035828 (C.D. Cal. Mar. 11, 2024). Mr. Holt respectfully submits there is no serious reason to support a departure from Judge Frimpong's reasoning here, and that discrimination claims should move forward in this forum past the pleadings stage.

As to the present matter, Defendants seek a stay of discovery and other related proceedings until such time as the Court rules on their motions to dismiss. As to discovery, this request is moot and unnecessary. That is, Plaintiff has not served any discovery, and understands that in this District, pursuant to Local Rule 26.2(a), discovery will not begin until an answer is filed. Plaintiff filed an amended complaint today, and should Defendants again elect to respond with motions to dismiss, discovery will be delayed automatically. *See Williams v. Morningstar Enterprise, LLC*, No. 1:18-CV-05149, 2019 WL 13272480, at *1 (N.D. Ga. Apr. 22, 2019) (denying similar request as moot because Local Rule 26.2(a) automatically delayed discovery in these circumstances).

What Defendants primarily seek to avoid then is any requirement to meet and confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.2 and the initial disclosures requirements of Fed. R. Civ. P. 26(a)(1) and Local Rule 16.1. The joint preliminary conference, pursuant to Local Rule 16.2, however, is required to occur no later than June 20, 2024, before the conclusion of the briefing schedule on these motions. Plaintiff requested this meeting as required by the Local Rules, and while Defendants express a preference to delay the meeting, Plaintiff continues to believe that such a conference would be helpful in the early stages of this case, both to address scheduling and discovery issues, but for the parties to have a chance to explore when it would be potentially fruitful to explore settlement. Similarly, both the Federal Rules of Civil Procedure and the Local Rules specifically require the parties to submit their initial disclosures even when motions to dismiss have been filed.

Mr. Holt thus respectfully submits that entering a stay to delay only these initial items is neither a good use of judicial resources, nor will it assist in the orderly proceeding of this lawsuit.

                                        Respectfully submitted,

Dated: June 18, 2024

                                        *s/George B. A. Laiolo*

George B. A. Laiolo (*Pro Hac Vice*)
California Bar No. 329850
Matthew L. Venezia (*Pro Hac Vice*)
California Bar No. 313812
ELLIS GEORGE LLP
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Email: mvenezia@ellisgeorge.com
Email: glaiolo@ellisgeorge.com


*s/David N. Dreyer*

David N. Dreyer
Georgia Bar No.: 141322
WASHINGTON DREYER & ASSOCIATES, LLC
260 Peachtree Street, Suite 1600
Atlanta, GA 30303
Telephone: (404) 236-6282
Email: david@washingtondreyer.com

*Attorneys for Plaintiff Cleveland Holt*

4

## **L.R. 7.1(D) CERTIFICATION**

I certify that this Notice has been prepared with a font and point selection approved by the Court in Local Rule 5.1(C). Specifically, this Notice has been prepared using 14-pt Times New Roman Font.

Dated:  June 18, 2024

*s/George B. A. Laiolo*
George B. A. Laiolo (*Pro Hac Vice*)
California Bar No. 329850
Matthew L. Venezia (*Pro Hac Vice*)
California Bar No. 313812
ELLIS GEORGE LLP
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Email:  mvenezia@ellisgeorge.com
Email:  glaiolo@ellisgeorge.com


*s/David N. Dreyer*
David N. Dreyer
Georgia Bar No.: 141322
WASHINGTON DREYER &
ASSOCIATES, LLC
260 Peachtree Street, Suite 1600
Atlanta, GA 30303
Telephone: (404) 236-6282
Email:  david@washingtondreyer.com

*Attorneys for Plaintiff Cleveland Holt*
